DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1916

---

## Louisa Leiberich, Appellant, v. East St. Louis & Suburban Railway Company, Appellee.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 17, 1916.

### Statement of the Case.

Action by Louisa Leiberich, plaintiff, against the East St. Louis & Suburban Railway Company, defendant, in the City Court of East St. Louis, to recover for personal injuries. From a judgment for defendant, plaintiff appeals.

The declaration charged that plaintiff was a passenger on one of defendant's cars; that the car was crowded and she was standing in the aisle; that as the car turned a corner near Thirteenth street and St. Clair avenue, in East St. Louis, Illinois, defendant's agents and servants negligently caused the car to run at great speed and turn violently around the corner,

(1)

throwing defendant with great violence against the sides and upon the floor of the car, and causing other passengers to fall upon and trample her; and that on account of such negligence she sustained great and permanent injuries.

The evidence for plaintiff showed that on March 28, 1915, plaintiff and four acquaintances boarded a car of defendant about twenty minutes before midnight at Allens Park, near East St. Louis, on the way to St. Louis, Missouri. The car was crowded and plaintiff stood in the aisle near the back end. As the car reached the corner of Thirteenth street and Nectar avenue, which appeared to have been somewhere near Thirteenth street and St. Clair avenue, it was running so fast that when it struck the curve the trolley was thrown off, the windows broken, several persons thrown from their seats, plaintiff thrown on the floor towards or upon the platform, and others thrown against or upon her. Plaintiff testified that by reason of her injuries she had lost her health and become permanently injured. In regard to her injuries and their seriousness, she was corroborated by her physician in St. Louis.

At the close of all the evidence the court, on motion of defendant, directed the jury to return a verdict of not guilty. Judgment was entered on the verdict against plaintiff for costs and a motion for a new trial denied.

WILLIAM A. KANE, for appellant.

BARTHEL, FARMER & KLINGEL, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 199*—*when verdict improperly directed.* In an action to recover for personal injuries, where the evidence is conflicting and where plaintiff's evidence, if true, is sufficient to sustain a verdict,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Leiberich v. East St. Louis & Suburban Ry., 199 Ill. App. 1.

it is the province of the jury, under proper instructions, to determine whether such evidence is disproved by defendant's evidence, and it is error to direct a verdict in such case.

2. CONSTITUTIONAL LAW, § 176*—*when direction of verdict deprival of right to trial by jury.* To direct a verdict, where the evidence is conflicting and where plaintiff's evidence, if true, is sufficient to sustain a verdict, involves a determination by the court of the question of the preponderance of the evidence, and is a violation of plaintiff's constitutional right of trial by jury.

3. CARRIERS, § 456*—*when variance between declaration and proof immaterial.* A variance between a declaration in an action by a passenger against a street railroad for damages for personal injuries alleging that an accident occurred at a named street and avenue and proof that it occurred "somewhere around" such street and avenue is merely technical and is not of such importance as to defeat a recovery.

4. APPEAL AND ERROR, § 438*—*when question of variance must be raised.* The question of variance cannot be raised for the first time in the Appellate Court.

5. CARRIERS, § 456*—*when averment of injury divisible.* In an action to recover for personal injuries to a passenger, where plaintiff alleged that by reason of the excessive speed of a car while rounding a curve she was thrown against the side of the car and trampled on, it is not necessary, to entitle plaintiff to recover, that she prove that she was trampled on, the injury alleged being divisible.

6. TORTS, § 29*—*when plaintiff need only prove part of charge.* In an action of tort, if the averment be divisible, plaintiff may prove part of his charge if he have sufficient evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.